IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMMIE MAYS, JR., § | | |
| TDCJ #524002, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-05-4252 |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

## MEMORANDUM AND ORDER

State inmate Sammie Mays, Jr., has filed a federal habeas corpus petition under 28 U.S.C. § 2254, challenging a decision by prison officials to deny him early release on parole. After reviewing all of the pleadings, and the applicable law, the Court concludes that the petition must be dismissed without prejudice at this time because the petitioner has not yet exhausted his state court remedies with respect to his claims.

**I.   DISCUSSION**

Mays reports that, on August 14, 1989, he was convicted pursuant to his plea of *nolo contendere* in the 339th District Court of Harris County, Texas, of aggravated sexual assault of a child. As a result, Mays received a thirty-five year prison sentence. Mays does not challenge his underlying conviction. Instead, he contests a decision by prison officials to

---

[1]   The petition lists former TDCJ Executive Director Brad Livingston as the principal respondent. Because the petitioner is in custody of the TDCJ Correctional Institutions Division, the Court substitutes Director Doug Dretke as the proper respondent.

deny him early release on parole. According to the memorandum submitted with the petition, Mays objects to procedures used to reach the adverse parole decision in his case, including the alleged reliance on false information concerning his gang membership, among other things. It is evident for reasons discussed further that the petition must be dismissed because Mays has not yet exhausted all available state court remedies.

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b). The doctrine of exhaustion reflects a policy of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). Exhaustion of state remedies is so important that federal courts may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Baldwin v. Reese*, 540 U.S. —, 124 S. Ct. 1347, 1351 (2004). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed,

if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

Mays concedes in his petition that he raises his claims for the first time in federal court. (Docket Entry No. 1, *Petition*, ¶ 22). Claims regarding the process employed for arriving at a parole determination apparently are cognizable under Article 11.07 of the Texas Code of Criminal Procedure. *See Ex Parte Geiken*, 28 S.W.3d 553, 557 (Tex. Crim. App. 1998). Mays indicates in his petition that he only recently filed an application under Article 11.07 on November 16, 2005. (Docket Entry No. 1, *Petition*, ¶ 23). Because it appears that a state remedy remains available, Mays must exhaust this process. Mays does not allege or show that an exception to the exhaustion doctrine applies in this case. Because Mays has not exhausted his state court remedies, his claims are subject to dismissal without prejudice for that reason.

## II.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability),

*cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## III.  CONCLUSION

For these reasons, the Court **ORDERS** as follows:

1. The petitioner's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The petition is **DISMISSED WITHOUT PREJUDICE**, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **December 22, 2005.**

_____
Nancy F. Atlas
United States District Judge